RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAN 24 2014

FILED
DOCKETED    DATE    INITIAL

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
AT SEATTLE

Douglas Vogt,

                Petitioner,

vs.

United States District Court, Western
District of Washington at Seattle,

                Respondent.
_____/

Case No.: 13-74137

**PETITION FOR PANEL REHEARING**

      COMES NOW Douglas Vogt ("Vogt"), pursuant to Federal Rules of Appellate Procedure, Rule 40 and Circuit Rule 40-1, and prays for Panel Rehearing of the January 14, 2014, Order ("Order") in this matter and for grounds in support thereof states as follows:

      On January 14, 2014, the Panel entered its Order denying Mandamus stating: "Petitioner has not demonstrated that this case warrants the intervention of this court by means of the extraordinary remedy of mandamus." (Order, attached hereto). Vogt respectfully submits that this Panel "overlooked or misapprehended" both law and fact and thus the Order is due to be vacated and this matter set for full consideration after oral argument by the Court.

1

I.  THIS PANEL HAS <u>FAILED</u> TO DO ITS JUDICIAL "DUTY"

First, as to the overlooked or misapprehended law, Vogt directs the Panel to the sole case cited in it's Order: *Bauman v. U.S. Dist. Court*, 557 F.2d 650 (9th Cir. 1977). In *Bauman*, this Court dispositively address the contours of a mandamus remedy for the Ninth Circuit. In particular, *Bauman*, identified "some general admonitory language and five guiding principles" regarding "the appellate use of peremptory writs". *Id.* at 654. Most importantly, in *Bauman*, the panel then proceeded to discharge its judicial obligation to apply those "guidelines" to the facts found in *Bauman*:

> Although these guidelines are helpful, they of course do not always result in bright-line distinctions. First, the guidelines often raise questions of degree: How clear is it that the lower court's order is wrong as a matter of law? How severe will damage to the petitioner be if extraordinary relief is withheld? Second, rarely if ever will a case arise where all the guidelines point in the same direction or even where each guideline is relevant or applicable. **The considerations are cumulative and proper disposition will often require a balancing of conflicting indicators.**

*Id.* at 655 (Emphasis added). Indeed, the Court in *Bauman* – <u>unlike</u> the Panel here – then clearly executed its duty to detail its *ratio decidendi*: "After applying the five guidelines discussed above to the facts of the present case, we conclude that extraordinary relief is not warranted here." *Id.* at 656.

2

Here, <u>this</u> Panel has done nothing more than summarily conclude <u>without</u> explanation that "Petitioner has not demonstrated that this case warrants the intervention of this court by means of the extraordinary remedy of mandamus." This begs the question by refusing to address the "facts" presented by Vogt. Hence, this Court has <u>failed</u> to "apply" the "guidelines" to the remarkable "facts" of the instant case. As such, this Court has <u>violated</u> that most basic judicial duty grounded in *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803)("It is emphatically the province and duty of the judicial department to say what the law is. Those who apply the rule to particular cases, must of necessity expound and interpret that rule. If two laws conflict with each other, the courts must decide on the operation of each.. . .This is of the very essence of judicial duty.")

## II.    APPLICATION OF THE *BAUMAN* GUIDELINES COMPELS RE-HEARING

In *Bauman*, the Court identified five guidelines which, when applied to the facts of this case as this Court is duty-bound to do, compel rehearing of this matter.

### A.    VOGT HAS NO OTHER ADEQUATE MEANS, SUCH AS A DIRECT APPEAL, TO ATTAIN RELIEF

An appeal of the District Court's order would have been meaningless as Vogt <u>never</u> filed a lawsuit from which an appeal could have been taken. Instead, the District Court allowed the Clerk to construe Vogt's filing as such to allow the absurd

3

result: Dismissal for lack of jurisdiction. But, as Vogt has repeatedly argued without getting a response both below and here, Vogt is <u>not</u> invoking the Article III "case" or "controversy" jurisdiction of the District Court. Instead, Congress has imposed upon that inferior Article III court the additional duties related to the Misprision statutes and management of the Grand Jury. Hence, an appeal would be meaningless for what Vogt sought was the very essence of supervisory mandamus: "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Bauman* at 654.

Here, that "jurisdiction" and "authority" are to acknowledge receipt of Vogt's filing and, as the "public interest" so demands, refer that filing to a grand jury.

### B. VOGT WILL BE DAMAGED OR PREJUDICED IN A WAY NOT CORRECTABLE ON APPEAL

As above, an appeal presents no relief for Vogt, and as such, he will be damaged and prejudiced for the dismissal below is a canard created by claiming Vogt's filing is something it is not. To perpetuate that fraud by compelling Vogt to appeal would be disgraceful.

### C. THE DISTRICT COURT'S ORDER IS CLEARLY ERRONEOUS AS A MATTER OF LAW

As detailed in Vogt's Petition for Mandamus, the District Court's Order is clearly erroneous as it was premised upon the false assumption that Vogt had filed a

4

lawsuit seeking relief from another party. As such, this guideline is clearly met.

### D. THE DISTRICT COURT'S ORDER IS AN OFT-REPEATED ERROR, OR MANIFESTS A PERSISTENT DISREGARD OF THE FEDERAL RULES

Given the "first-impression" nature of this case, this "guideline" is inapposite to the consideration of the issues raised by Vogt. However, it is worth noting that the behavior of the lower court – which was an abdication of Congressionally-imposed duty – is of great significance given the seminal role the Grand Jury plays in the federal system. As such, even <u>one</u> such violation of the duty to summon a grand jury when the "public interest" deserves swift condemnation by this Panel.

### E. THE DISTRICT COURT'S ORDER RAISES NEW AND IMPORTANT PROBLEMS, OR ISSUES OF LAW OF FIRST IMPRESSION

The "new and important" problem or "issue of law of first impression" raised in this matter deserve this Court's full attention. The "problem" is that a Congressionally-designated member of the judiciary has received compelling forensic evidence that the President is a pretender and that the sole *de facto* person who can investigate those credible allegations is the President's appointee. This singular situation can now only be resolved by compelling the District Court to refer those allegations to the Grand Jury so that peculiar institution can make the decision that it alone is designed to make: Whether criminal charges should flow from that

5

information.

The alternative is to create an oligarchy immune from any legal consequence to its illegal behavior.

### III. CONCLUSION

WHEREFORE, Vogt respectfully requests Panel Rehearing and that thereafter this Court expeditiously issue it's writs of *mandamus* to compel Judge Robart to: (i) correct the docket in the District Court to accurately reflect the proceedings below, (ii) acknowledge Vogt's discharge of his obligations under the Misprision statutes, and (iii) in so much as the "public interest so requires", summon a grand jury to hear Vogt's forensic evidence which demonstrates that the Certificates of Live Birth proffered by Barack Hussein Obama to prove his eligibility to be President are indisputably forgeries.

6

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and accurate copy of foregoing was served without Exhibits by U.S. First Class Mail upon the Honorable Judge James L. Robart, U.S. District Court, 700 Stewart Street, Suite 2310, Seattle, WA 98101 this 22 day of January, 2014.

                                          DOUGLAS VOGT
                                          Petitioner
                                          12819 S.E. 38th Street, #115
                                          Bellevue, WA 98006
                                          Telephone number: 425-643-1131
                                          Email Address: Doug@vectorpub.com

By: _/s/ Douglas Vogt_
                Douglas Vogt

Form 11.   Certificate of Compliance Pursuant to
Circuit Rules 35-4 and 40-1

**Form Must be Signed by Attorney or Unrepresented Litigant
and Attached to the Back of Each Copy of the Petition or Answer**

(signature block below)

I certify that pursuant to Circuit Rule 35-4 or 40-1, the attached petition for panel rehearing/petition for rehearing en banc/answer is: (check applicable option)

__X__   Proportionately spaced, has a typeface of 14 points or more and contains __1269__ words (petitions and answers must not exceed 4,200 words).

or

____   Monospaced, has 10.5 or fewer characters per inch and contains _____ words or _____ lines of text (petitions and answers must not exceed 4,200 words or 390 lines of text).

or

__X__   In compliance with Fed. R. App. 32(c) and does not exceed 15 pages.

_____
Signature of Attorney or
Unrepresented Litigant

(New Form 7/1/2000)

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| In re: DOUGLAS VOGT. | No. 13-74137 |
|---|---|
| DOUGLAS VOGT, Petitioner, v. UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON, SEATTLE, Respondent, BARACK OBAMA; et al., Real Parties in Interest. | D.C. No. 2:13-cv-01880-JLR Western District of Washington, Seattle ORDER |

Before: TROTT, PAEZ, and BEA, Circuit Judges.

Petitioner has not demonstrated that this case warrants the intervention of this court by means of the extraordinary remedy of mandamus. *See Bauman v. U.S. Dist. Court*, 557 F.2d 650 (9th Cir. 1977). Accordingly, the petition is denied.

No further filings will be entertained in this closed case.

**DENIED.**

AS/MOATT